UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DUFERCO S.A. and DUFERCO STEEL, INC. | § § § § | |
| v. | § | NO. 1:13-CV _____ |
| M/V BLUE OCEAN, her engines, tackle, apparel, etc., *in rem* | § § § § | |
| Defendant | | |

## VERIFIED COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

**COME** Plaintiffs, DUFERCO S.A. and DUFERCO STEEL, INC., through undersigned counsel, and for their complaint against the M/V BLUE OCEAN, her engines, tackle, apparel, etc., *in rem*, avers:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. § 1333.

2.

Plaintiffs DUFERCO S.A. and DUFERCO STEEL, INC. are corporations organized and existing pursuant to the laws of a state other than the State of Texas, with their principal offices in Switzerland and New Jersey, respectively, and were the voyage charterer of the M/V BLUE

1

OCEAN and/or the owner, consignee and/or successor in title to consignments of coils of wire rod that were shipped on board the M/V BLUE OCEAN as more fully described below.

3.

At all material times the M/V BLUE OCEAN, IMO No. 9436769, was and still is an ocean-going cargo vessel engaged in the common carriage of goods by sea for hire between various foreign and domestic ports, including the ports of Jingtang, China and Houston, Texas, and is now or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Court.

4.

On about April 10, 2013, consignments of coils of wire rod consigned to plaintiff DUFERCO STEEL, INC. were delivered in good order and condition to the M/V BLUE OCEAN at Jingtang, China, for carriage to the port of Houston, Texas, in accordance with the terms of one or more contracts of carriage, which were signed and delivered to the shippers of said cargo by owners and/or operators of the M/V BLUE OCEAN, or by the Master of the M/V BLUE OCEAN and/or his duly authorized agent.

5.

Thereafter, the cargo was loaded aboard the M/V BLUE OCEAN, and having said cargo on board, the vessel sailed from the load port, and subsequently arrived at Houston. However, while at Houston the vessel, her owners and operators failed to discharge the cargo as required by the applicable bills of lading and/or charter party.

6.

Contrary to the terms and conditions of the applicable bills of lading and charter party, the vessel deviated from her required voyage by failing to discharge plaintiffs' cargo at Houston, and instead proceeded to the Port of Brownsville with plaintiffs' cargo still on board. Defendant's failure to deliver the cargo in accordance with the applicable contracts of carriage have caused damage to plaintiffs in the approximate amount of $2,623,487.00, representing the value of plaintiffs' cargo.

7.

The vessel's failure to deliver the cargo was not caused by any act or omission of plaintiffs or those for whom they may be responsible, but instead was caused by the negligence, fault, breach of duty, or breach of contract of the M/V BLUE OCEAN.

8.

The applicable contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301, *et seq.*, and/or other applicable laws or conventions.

9.

Prior to the commencement of this action DUFERCO STEEL, INC. became the owner for value of the cargo in question, and/or the successor in title to the rights and interest of the owner of said cargo, and brings this action on behalf of, and for the interest of, all parties who

1446095.1/SPH/15556/1494/061313

are or may become interested in the cargo in question as their respective interest may ultimately appear.

10.

By reason of the premises, DUFERCO S.A. and DUFERCO STEEL, INC. have a maritime lien on the vessel.

11.

All conditions precedent to DUFERCO S.A. and DUFERCO STEEL, INC. recovering the losses and damages described herein have occurred or have been performed by them and/or their predecessors in title.

12.

All and singular, the maters alleged are true and the correct.

13.

DUFERCO S.A. and DUFERCO STEEL, INC. reserve the right to amend and supplement this complaint as further facts become available.

**WHEREFORE**, Plaintiff DUFERCO S.A. and DUFERCO STEEL, INC. pray that:

1) The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V BLUE OCEAN, IMO No. 9436769, her engines, tackle, apparel, etc. and that all persons claiming any right, title or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid and that said vessel may be condemned and sold to pay the demand as aforesaid, together with interest thereon, costs and attorneys' fees;

4

2)   Judgment be entered in favor of plaintiffs DUFERCO S.A. and DUFERCO STEEL, INC. and against defendant the M/V BLUE OCEAN, her engines, tackle, apparel, etc., *in rem*, for all sums shown to be due and owing at trial, together with interest and costs.

4)   That plaintiffs, DUFERCO S.A. and DUFERCO STEEL, INC. be awarded such other relief as it may be entitled to receive.

Respectfully submitted,

/s/ William Mahley

WILLIAM MAHLEY
STRASBURGER & PRICE, LLP
Texas Bar No. 12836740
909 Fannin St., Suite 2300
Houston, TX  77010-1036
713-951-5633 - Telephone
713-951-5660 - Facsimile
bill.mahley@strasburger.com

*Attorney-in-Charge for Plaintiffs*

OF COUNSEL:

FAY, NELSON & FAY, LLC
John F. Fay, Jr. (La. Bar #1870), T.A.
jfay@faynelsonfay.com
Energy Centre
1100 Poydras St., Suite 2900
New Orleans, Louisiana 7016
Tel: (504) 799-2252
Fax: (504) 383-8920

# VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, personally appeared

F. WILLIAM MAHLEY.

who was deposed and said that he is a member in the firm of Strasburger & Price, LLP, counsel for Plaintiffs herein, that he has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished and statements made to him by representatives of Plaintiffs, and that the reason this verification is made by deponent and not by Plaintiffs is that Plaintiffs are corporations, no officer of which is presently within this district.

_____
F. WILLIAM MAHLEY

SUBSCRIBED AND SWORN TO BEFORE ME this 13th day of June, 2013, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas
My Commission Expires: 5-21-2017